UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REBECCA ANN LAWARE,

                                      Plaintiff,

                                                                                 DECISION AND ORDER

                                                                                 16-CV-6010L

                        v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                       Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On September 8, 2011, plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since April 8, 2008. (Dkt. #8-2 at 9).[1] Her application was initially denied. Plaintiff requested a hearing, which was held April 4, 2014 via videoconference before Administrative Law Judge ("ALJ") David J. Begley. The ALJ issued an unfavorable decision on August 7, 2014, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final

---

[1] References to pages of the Administrative Transcript (Dkt. #8 et seq.) utilize the internal Bates-stamped numbers assigned by the parties.

decision of the Commissioner when the Appeals Council denied review on November 2, 2015 (Dkt. #8-1 at 1-3). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings, and the Commissioner has cross moved for judgment dismissing the complaint. For the reasons set forth below, the plaintiff's motion (Dkt. #10) is granted, the Commissioner's cross motion (Dkt. #14) is denied, and the matter is remanded for further proceedings.

## DISCUSSION

An ALJ proceeds though a five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. See 20 CFR §404.1520(b). If so, the claimant is not disabled. If not, then the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ proceeds to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled. If not, the ALJ's analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f).

The ALJ then turns to whether the claimant's RFC permits performance of the requirements of the claimant's past relevant work. If so, the claimant is not disabled. If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999). *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (*quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference is not owed to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff

was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

Plaintiff's treatment records reflect a history of complaints of back pain, neck pain, right shoulder pain, right hand weakness, obesity and anxiety. The ALJ determined that the plaintiff was capable of performing light work, with the following limitations: no more than occasional pushing and pulling with the right upper extremity, no climbing of ladders, ropes or scaffolds, no crawling, no more than occasional climbing of ramps or stairs, and no overhead reaching with the right upper extremity. Plaintiff can frequently balance, stoop, kneel or crouch. She must avoid concentrated exposure to extreme temperatures, humidity, vibrations, respiratory irritants and poor ventilation, slippery and uneven surfaces, hazardous machinery and unprotected heights. She is also limited to work involving simple, routine and repetitive tasks, with only simple, work-related decisions and few, if any, workplace changes. She can only perform occupations with no more than occasional interaction with coworkers, supervisors and the general public. (Dkt. #8-2 at 13-14). When presented with this RFC, vocational expert Diane Haller testified that plaintiff could perform the positions of mail sorter, garment sorter, and linen sorter/grader. (Dkt. #8-2 at 25).

Plaintiff contends, among other things, that the ALJ failed to properly weigh and evaluate medical opinions from examining physician Dr. Richard DellaPorta, and failed – erroneously and without any explanation – to incorporate portions of the opinion of treating osteopathic physician Dr. Matthew Grier with plaintiff's RFC, even while claiming to have given it "great" weight.

Dr. DellaPorta examined plaintiff and rendered opinions as to her capacity for work on three separate occasions – in January 2005, December 2007 and May 2008. Although the ALJ

made brief reference to Dr. DellaPorta's May 22, 2008 opinion and implicitly declined to credit portions of it (e.g., no repetitive motion of the neck, no lifting more than 15 pounds of above shoulder level) by omitting them from his RFC findings, he did not specify the weight it was given, or explain why parts of it were apparently rejected.

Dr. Grier, a supervising physician at the New York Physical Medicine Center Center who treated plaintiff as well as supervised other medical providers who treated her, provided an opinion as to her RFC. (Dkt. #8-9 at 1029-34). The ALJ stated that he gave Dr. Grier's opinion "significant weight," but provided no explanation as to why his RFC did not incorporate that portion of Dr. Grier's opinion that stated that plaintiff would suffer from concentration deficits due to pain, would likely miss at least 2 days of work per month, and would likely be off-task for up to 25% of the workday on "bad days."

A treating physician's opinion is entitled to controlling weight if it is well-supported by medical findings, and is not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). If an ALJ opts not to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency; and (5) the physician's specialization, along with any other relevant factors. 29 C.F.R. §404.1527(d)(2). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

Here, the ALJ failed to explain the weight (if any) afforded to the opinions of examining physician Dr. DellaPorta, or to sufficiently explain his rationale for implicitly declining to credit portions of treating physician Dr. Grier's opinion (by conspicuously omitting them from his RFC determination), even while purporting to give the opinion "great" weight. As such, the Court is

5

unable to determine whether the ALJ duly considered all of the medical opinions of record, and/or properly applied the treating physician rule.

While the Commissioner has labored to explain the various chains of reasoning which *might have* underpinned the ALJ's conclusions, it is well settled that *post hoc* rationalizations are not an appropriate substitute for an ALJ's duty to support his conclusions by reference to substantial evidence. *See Martinez v. Colvin*, 2016 U.S. Dist. LEXIS 149196 at *22-*23 (W.D.N.Y. 2016). Since the Court "may not assess objections as to 'substantial evidence' where an ALJ decision is infected with legal error," *Wider v.* Colvin, 2017 U.S. Dist. LEXIS 46766 at *22 (E.D.N.Y. 2017), remand is required. *See*, *e.g.*, *Stern v. Colvin*, 2017 U.S. Dist. LEXIS 120024 at *58 (S.D.N.Y. 2017); *Cardillo v. Colvin*, 2017 U.S. Dist. LEXIS 43860 at *38-*37 (N.D.N.Y. 2017).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #10) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied. The matter is remanded for further proceedings, including but not limited to the rendering of a new determination which assesses all of the medical opinions of record, describes the weight afforded to each, and makes an explicit and reasoned application of the treating physician rule.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      November 14, 2017.